UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

PEDRO ROSA NALES,

    Plaintiff,

v.

CARNIVAL CORPORATION, et al.,

    Defendants.

Civil No. 11-1526 (JAF)

# **O R D E R**

Plaintiff alleges the violation of his right to privacy and brings suit under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A., §§ 5141 and 5142. (Docket No. 1.) Plaintiff alleges that he is a public figure and Defendants have unlawfully used his image for commercial or lucrative purposes. (Docket No. 1 at 3.) Codefendant Carnival Cruise Lines ("CCL" or "Movant") moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 16 at 2.) Plaintiff opposes, (Docket No. 20), and Movant replies (Docket No. 23).

Movant argues that the disputed photographic image was captured while Plaintiff was a passenger on a CCL cruise in 2006 and, therefore, the terms of the passenger "guest ticket" agreement must govern this dispute. (Docket No. 16 at 2–3.) Specifically, Movant argues that a forum selection clause in the controlling guest ticket agreement dictates that Plaintiff must litigate this case in the U.S. "District Court for the Southern District of Florida, Miami Division."[1]

---

[1] Movant also raises other arguments regarding the contractual limitations clause and the complaint's satisfaction of the pleading standards. (Docket Nos. 12; 16.) Because we find the forum selection clause argument convincing, we do not reach these arguments at this time.

Civil No. 11-1526 (JAF) -2-

In this circuit, Federal Rule of Civil Procedure 12(b)(6) provides the proper vehicle for a motion to dismiss based on a forum-selection clause. Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387 (1st Cir. 2001). "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008).

But the complaint does not mention the guest ticket. In fact, the complaint does not even allege that Plaintiff took a cruise with Movant. (Docket No. 1.) Movant attempts to submit an "exemplar copy" of the relevant guest ticket as an exhibit, (Docket No. 16-2 at 7), but Plaintiff challenges it, arguing that he "needs discovery in order to determine if the contract submitted was the one used for Plaintiff's voyage." (Docket No. 20 at 2.) Plaintiff's acknowledgement of having cruised with Movant in his opposition does not bring Movant's arguments or the document within the pleadings, and both parties have made clear their intent to contest the contents of the guest ticket agreement. Therefore, we will convert the pending motion to dismiss into one for summary judgment, limited to the sole issue of the forum selection clause in the guest ticket agreement. See Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 16 (1st Cir. 2009) (deeming additional discovery after conversion to summary judgment unnecessary because "none of appellants' allegations, even if substantiated, would render the forum selection clause unenforceable").

We pause to warn Plaintiff that needless litigation squabbles over the guest ticket issue will only waste his money and our time; if Plaintiff took the cruise like Movant alleges, the terms of his guest ticket will control, and he will almost certainly be forced to

Civil No. 11-1526 (JAF) -3-

litigate this case in Miami. See <u>Vega-Perez v. Carnival Cruise Lines</u>, 361 F. Supp. 2d 1 (D.P.R. 2005) (upholding forum-selection clause and transferring case to the Southern District of Florida).

We hereby **CONVERT** the pending motion to dismiss, (Docket No. 12), into a motion for summary judgment on the limited issue of the forum-selection clause contained in the guest ticket agreement. We also **DENY** Movant's "Motion to Strike Plaintiff's Surreply." (Docket No. 27.) We will hold a brief evidentiary hearing on **June 5, 2012, at 9:30 A.M.**, limited to <u>the sole issues of the guest ticket terms and the date of Plaintiff's cruise</u>. The parties will bring all relevant evidence regarding the guest ticket agreement and the date of the cruise to this hearing. In the alternative, the parties may submit a joint motion stipulating the date Plaintiff was a passenger with CCL and the contents of the controlling guest ticket agreement **before June 5, 2012**. After the hearing date, we will give Plaintiff the appropriate time to respond to Movant's arguments.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21th day of May, 2012.

                                                            s/José Antonio Fusté
                                                           JOSE ANTONIO FUSTE
                                                           United States District Judge